UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT C. BOLTON,<br><br>          Plaintiff,<br>     v.<br><br>KING COUNTY CORRECTIONS, et al.,<br><br>          Defendants. | Case No. C17-388-RSM-JPD<br><br>ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND |

Plaintiff Scott C. Bolton is currently confined at the King County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint against the King County Correctional Facility ("KCCF"), KCCF Classifications Officer "John Doe," and the Director of the KCCF. *See* Dkt. 1-1. Having reviewed plaintiff's complaint, the Court finds and ORDERS:

(1)     Plaintiff alleges that on February 3, 2017, a classifications officer admitted him into the "Trusty Inmate Worker Program." Dkt. 1-1 at 3. He alleges that on February 4, 2017, a different classifications officer, the one named as a John Doe defendant in this action, revoked his admission into the program. *Id.* Plaintiff claims that the revocation was retaliatory and

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND- 1

discriminatory.  *Id.*  As relief, he asks the Court to "correct this discriminatory act and its retaliatory concealment."  *Id.*

(2) Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted).  To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).  The factual allegations must be "enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory.  *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc).  When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law.  *West v.*

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND- 2

*Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

     (4)    Having screened plaintiff's complaint, the Court has identified the following deficiencies:

     a.    The KCCF is an entity of King County and, as such, is not a proper defendant in this action.  *See Nolan v. Snohomish Cnty.*, 59 Wn. App. 876, 883, 802 P.2d 792, 796 (Wash. Ct. App. 1990) ("[I]n a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.").  Plaintiff may sue King County as a "person" under § 1983.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978).  However, King County cannot be held liable under § 1983 solely because it employs a tortfeasor.  *Id.*  A plaintiff seeking to impose liability on King County under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury.  *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694).  Plaintiff does not allege that any King County policy or custom caused him injury.

     b.    Plaintiff names the KCCF Director as a defendant in this action but he does not allege any facts regarding this defendant.  The KCCF Director cannot be held liable simply because he is John Doe's supervisor.  Rather, to proceed against the KCCF Director, plaintiff must allege facts showing that he caused or personally participated in causing the harm alleged in the complaint.

        c.      Plaintiff fails to allege sufficient facts to state a First Amendment retaliation claim against John Doe.  His conclusory claim that John Doe retaliated against him is insufficient.  If plaintiff files an amended complaint against John Doe, any retaliation claim will be screened under the following standards.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  "The prisoner must show that the type of activity in which he was engaged was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest."  *Quiroz v. Horel*, 85 F. Supp. 3d 1115, 1124 (N.D. Cal. 2015) (citing *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997)); *see also Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff bears burden of pleading and proving the absence of legitimate correctional goals for the conduct of which he complains).  Additionally, "a plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm."  *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

        d.      Plaintiff fails to allege sufficient facts to state a discrimination claim against John Doe.  Plaintiff does not allege the basis for the discrimination, i.e., why John Doe discriminated against him.  "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."  *Wolff v. McDonnell*, 418

U.S. 539, 556 (1974) (citing *Lee v. Washington*, 390 U.S. 333 (1968)).  But given the lack of any specific factual allegations, the Court cannot say that plaintiff alleges a valid discrimination claim under § 1983.

(5)     Based on the forgoing, the Court DECLINES to serve plaintiff's complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within **30 days** after the date this Order is signed.  The amended complaint must carry the same case number as this one and must be filed on the appropriate form, a copy of which will be sent with this Order.  **If no amended complaint is timely filed or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, any second amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts which plaintiff believes support each claim, and the specific relief requested.

(6)     The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint.  The Clerk is further directed to send copies of this Order to plaintiff and to the Honorable Ricardo S. Martinez.

Dated this 3rd day of April, 2017.

*James P. Donohue*
_____
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DECLINING TO SERVE
AND GRANTING LEAVE TO AMEND- 5